**Affirmed and Opinion Filed July 3, 2013**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01030-CR

**RICKY PEDRO GARZA, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause No. 401-81559-2011

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Francis

Ricky Pedro Garza waived a jury trial and entered an open plea of guilty to possession of less than one gram of methamphetamine. The trial court found appellant guilty and assessed punishment, enhanced by two prior convictions, at fifteen years in prison. In a single issue, appellant claims he received ineffective assistance of counsel. We affirm.

In his sole issue, appellant claims he received ineffective assistance of counsel because trial counsel did not tell him the State offered a plea bargain of eighteen months in prison. In support of his contention, appellant relies on three documents entitled "Notice of Agreed Setting" indicating that, during the fall of 2011, the State offered appellant "18 months SJF." The record also shows appellant had subsequent charges at which time the State offered appellant "7 years TDC" to dispose of all his cases, declining to "piecemeal one at a time."

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 109–10 (Tex. Crim. App. 2003). An ineffective assistance of counsel claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

The court of criminal appeals has made clear that, in most cases, a silent record will not overcome the strong presumption of reasonable assistance. *See Rylander*, 101 S.W.3d at 110. Further, counsel should ordinarily be accorded the opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). If trial counsel is not given that opportunity, then an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*.

Appellant filed a motion for new trial but did not raise a ground of ineffective assistance and no hearing was held on the motion. On appeal, he claims the State's offer of eighteen months was not conveyed to him and this alone constitutes ineffective assistance of counsel. We disagree.

To establish prejudice in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer or rejects a plea-bargain because of bad legal advice,

the defendant must show a reasonable probability that (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

We first note the record in this case does not affirmatively show trial counsel failed to inform appellant of the State's offer. Nevertheless, even if appellant was not informed of the offer, the record does not show and appellant has not established he would have accepted the offer, the State would not have withdrawn the offer, or that the trial court would not have refused to accept the plea agreement. *See id*. On the record before us, we cannot conclude appellant has established that, but for his trial counsel's actions, there is a reasonable probability that the result of the proceeding would have been different. We overrule appellant's sole issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121030F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICKY PEDRO GARZA, Appellant

No. 05-12-01030-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-81559-2011.
Opinion delivered by Justice Francis, Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE